UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Northwell Health, Inc., <br><br> Plaintiff, <br><br> -v- <br><br> Blue Cross and Blue Shield of Massachusetts, Inc., <br><br> Defendant. | 2:23-cv-00977 <br> (NJC)(AYS) <br><br> ORDER |

NUSRAT J. CHOUDHURY, District Judge:

Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSM") and Plaintiff Northwell Health, Inc. ("Northwell") have filed a joint motion for leave to file under seal unredacted copies of the parties' legal memoranda supporting and opposing BCBSM's Motion to Dismiss (ECF Nos. 20, 22, 24), as well as Exhibits A, B, and C attached to the Kadosh Declaration in support of BCBSM's Motion (ECF Nos. 22-1–3), Exhibit A attached to the McBride Declaration in support of Northwell's Opposition Brief (ECF No. 23), and Exhibit A to the Kadosh Declaration in support of BCBSM's Reply Brief (ECF No. 25-1). (Mot. Seal, ECF No. 26.) The parties propose that if I grant their request, BCBSM will file redacted copies of the parties' legal memoranda supporting and opposing BCBSM's Motion to Dismiss on the public docket, while the four exhibits to the Kadosh Declarations and the McBride Declaration and its accompanying exhibit will be sealed in their entirety. (*Id.* at 2.) For the following reasons, I grant the Motion to Seal.

The law on sealing in the Second Circuit is "largely settled." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir.

2023) (citations omitted). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. In addition to the common law, the First Amendment affords "a qualified right of access . . . to civil trials and to their related proceedings and records." *N.Y.C.L.U. v. N.Y. City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012).

Evaluating a request to file a document under seal is a three-step process. A court's decision to "seal[] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 47.

"First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citation omitted). Documents filed in support of a motion to dismiss are considered judicial documents. *See P&L Dev., LLC v. Gerber Prod. Co.*, No. CV215382MKBAYS, 2022 WL 1441999, at *3 (E.D.N.Y. May 6, 2022) (citing *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, No. 14-CV-6867, 2016 WL 1071107, at *5 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016)). Here, the documents the parties seek to file under seal—unredacted copies of the Motion to Dismiss papers and attached exhibits—are judicial documents. *See id.*

Second, "if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document." *Mirlis*, 952 F.3d at 59. (quotation marks omitted). Because "the necessity of public understanding is present even in private business disputes," and the documents at issue here are judicial documents to which a

presumption of public access attaches, I find that there is a strong presumption of public access. *P&L Dev., LLC*, 2022 WL 1441999, at *3 (quotation marks omitted).

Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59. The privacy interests of third parties "establish a 'venerable common law exception to the presumption of access.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (1995)). Courts commonly seal documents that contain "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Id.* (quotation marks omitted).

The parties argue that they should be permitted to file the documents under seal because they are, or contain references to, contracts between Northwell and non-party Empire Blue Cross and Blue Shield ("Empire"), which were designated "Attorneys Eyes Only" under the governing protective order and which contain "confidential and proprietary business information," including pricing information "that, if accessed by Plaintiff's competitors, would allow the competitors to gain an improper and unfair competitive advantage." (Mot. Seal at 1–2.) The contracts and their amendments are attached as Exhibits A, B, and C to the Kadosh Declaration in support of BCBSM's Motion (ECF Nos. 22-1–3), as Exhibit A attached to the McBride Declaration in support of Northwell's Opposition Brief (ECF No. 23), and as Exhibit A to the Kadosh Declaration in support of BCBSM's Reply Brief (ECF No. 25-1).

Here, I find that the privacy interests implicated by Northwell's contracts with Empire outweigh the presumption of access for several reasons. First, the contracts are between

3

Northwell and a non-party and discuss pricing terms. *See Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (granting motion to seal documents "discuss[ing] fees of the third parties, pricing and customer information, or other information related to their perceived competitive advantages"). Second, the parties have agreed to file redacted versions of the parties' legal memoranda supporting and opposing the Motion to Dismiss on the public docket. (Mot. Seal at 2.) I have reviewed the material that the parties proposed to file entirely under seal and the material proposed to be redacted from publicly filed documents and finds the material to be withheld from public view to be limited and narrowly tailored to references to the contracts at issue. *See Brown*, 929 F.3d at 47.

Because the material proposed to be filed under seal or redacted from publicly filed documents is limited and narrowly tailored to preserve higher values—here, Northwell and non-party Empire's confidential and proprietary business information—I grant the parties' request. By July 24, 2024, BCBSM shall file redacted copies of the fully briefed Motion to Dismiss on the public docket.

Dated: Central Islip, New York
       July 16, 2024

                                         */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge